In the Matter of the Claim of NORMA ESLEY, Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision awarding compensation, on the basis of reduced earnings, for decedent's partial disability from March 14, 1960 to August 10, 1963, the date of his death. The appeal is grounded on appellants' contention that there is " no medical evidence that the employee Esley was unable to perform any part of his normal regular work for the employer ". Decedent suffered a heart attack on January 19, 1960, and the carrier accepted and paid an award for related disability to March 14, 1960. He sustained a second heart attack on August 10, 1963 and died that day of an acute myocardial infarction, as appears from the certificate of death. The carrier accepted and paid an award of compensation on account of decedent's death, found to be related to the January 19, 1960 episode. Thus, the carrier has conceded causal relationship and consequent liability for the initial disability period and for the subsequent death; but, as hereinbefore indicated, contests the finding of compensable partial disability for the intervening period from March 14, 1960 to August 10, 1963. The claim for partial disability first went to a

board panel upon conflicting medical proof. After referring the matter to an impartial cardiologist and subsequently considering his report, the board disallowed the claim, its brief decision reciting that in the opinion of the impartial specialist, "the claimant did not sustain a myocardial infarction [and that if] claimant has had coronary insufficiency he has recovered from that episode"; and the board thereupon holding that "In view of the report and testimony of the impartial specialist and the other evidence introduced", the Referee's disallowance of the claim was affirmed. The decision concluded: "The Referee findings of no myocardial infarction are reinstated and affirmed." The prior award, that for total disability, had been on the basis of coronary insufficiency and it is quite clear that in denying the claim for subsequent partial disability, the board considered significant (as did certain of the medical witnesses) the supposed absence of permanent heart damage by way of myocardial infarction; but the autopsy report upon decedent's subsequent death disclosed, among other things, "Myocardial infarct, healed". Thereafter, in pursuance of its continuing jurisdiction, the board granted claimant widow's application to reopen and eventually made the present award upon its finding "that the medical evidence supports a finding of minimal causally related disability subsequent to March 14, 1960, or 75% earning capacity". In reaching its conclusion, the board was entitled to accept the medical opinion evidence that it had previously rejected; particularly so in the light of the medical history subsequently recorded, upon post mortem examination and otherwise; and in the light of decedent's objectively demonstrated condition as well. It was shown that decedent had worked only part time, even in the business which he had purchased when he could no longer undertake the more rigorous travel requirements and other duties of his employment. That claimant's limited activity was due to disability causally related to the original industrial accident was established, or so the board was warranted in finding, by the medical opinions of Dr. Petry and Dr. Lipman, enunciated at intervals during the period in dispute. This proof alone constituted substantial evidence sufficient to sustain the award. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.